# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> PIKE FUELS LIMITED PARTNERSHIP, <br><br> Defendant. | No. 3:21-cv-00932-SVN |

**PIKE FUELS LIMITED PARTNERSHIP'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFF CONSERVATION LAW FOUNDATION, INC.'S**
**SECOND FURTHER REVISED FIRST SET OF REQUESTS FOR ADMISSION**

Defendant Pike Fuels Limited Partnership ("Pike") hereby provides responses to Plaintiff Conservation Law Foundation, Inc.'s ("CLF") further revised first set of requests for admission ("Requests"), served as an attachment to CLF's September 24, 2025 letter to Pike. For brevity and to avoid repetition, Pike has not repeated each Request or all of its general and specific objections. Pike's responses incorporate the General Objections and specific objections previously lodged in its responses to the Requests, as served on May 30, 2025 and September 9, 2025.

## REQUESTS FOR ADMISSION

**REQUEST NO. 21**

Admit that Defendant did not implement stormwater management or treatment measures considering the impact of climate change factors, including flooding, sea level rise, increased frequency and severity of storms, increased precipitation, severe weather, and storm surge, on the potential of various sources at the Terminal to contribute pollutants to stormwater discharges.

**RESPONSE: Pike objects to this Request on the ground it calls for a legal conclusion and thus outside the scope of permissible requests for admission. Shea v. Sieunarine, No. 3:21-CV-00673 (JCH), 2022 WL 2305554, at \*2 (D. Conn. June 27, 2022) (Farrish, M.J.). Pike**

further objects to this Request as compound. Pike further objects to this Request as vague and ambiguous because the terms "implement," "climate change factors," "sea level rise," and "storm surge" and the phrase "stormwater management or treatment measures" are subject to various interpretations and CLF failed to define the terms and phrase. Pike further objects, because, as worded, the Request implies that Pike had a duty to "implement stormwater management or treatment measures considering the impact of climate change factors," which duty did not exist. CLF asks Pike to admit the existence of this duty without citing the source of the alleged duty, which is improper and does not provide Pike the relevant context needed to evaluate the Request. Based on the foregoing objections, Pike does not have sufficient information to admit or deny the Request.

*REVISED REQUEST NO. 21: Admit that Defendant did not consider the impact of climate change factors, such as flooding, sea level rise, increased frequency and severity of storms, increased precipitation, severe weather, and storm surge, on the potential of various sources at the Terminal to contribute pollutants to stormwater discharges when implementing stormwater management or treatments measures at the Terminal.*

*FURTHER REVISED REQUEST NO. 21: Admit that Defendant did not consider the impact of climate change factors on the potential of various sources at the Terminal to contribute pollutants to stormwater discharges when implementing stormwater management at the Terminal.*

*RESPONSE TO FURTHER REVISED REQUEST NO. 21: Plaintiff's further revised Request No. 21 does not resolve the issues with the original Request, as it is still compound and still uses a confusing definition of the term "client change factors." Plaintiff's further revised Request No. 21 is simply a restatement of the prior, defective request. Defendant stands on its prior objections. Should Plaintiff offer an actual revision, Defendant will consider it.*

*SECOND FURTHER REVISED REQUEST NO. 21: Admit that when implementing stormwater management at the Terminal, Defendant did not consider the impact of climate change factors in Defendant's analysis of the potential of various sources at the Terminal to contribute pollutants to stormwater discharges.*

*RESPONSE TO SECOND FURTHER REVISED REQUEST NO. 21: Plaintiff's second further revised Request No. 21 does not resolve the issues with the original or previously revised Request, as it is still compound and still uses a confusing definition of the term "climate change factors." Plaintiff's second further revised Request No. 21 is simply a restatement of the prior, defective request. Defendant stands on its prior objections, as augmented and refined herein.*

## REQUEST NO. 27

Admit that information Defendant submitted to CT DEEP did not include information relating to the

potential impacts of climate change factors, including flooding, sea level rise, increased frequency

and severity of storms, increased precipitation, severe weather, and storm surge, on the Terminal.

**RESPONSE: Pike objects to this Request on the ground it calls for a legal conclusion and thus outside the scope of permissible requests for admission.** <u>Shea v. Sieunarine</u>, No. 3:21-CV-00673 (JCH), 2022 WL 2305554, at *2 (D. Conn. June 27, 2022) (Farrish, M.J.). Pike further objects to this Request as compound. Pike further objects to this Request as vague and ambiguous because the terms "information," "submitted," "climate change factors," "sea level rise," and "storm surge" are subject to various interpretations and CLF failed to define the terms. Pike further objects, because, as worded, the Request implies that Pike had a duty to "submit[] to CT DEEP" "information relating to the potential impacts of climate change factors," which duty did not exist. CLF asks Pike to admit the existence of this duty without citing the source of the alleged duty, which is improper and does not provide Pike the relevant context needed to evaluate the Request. The Request is confusing because, as worded, the Request seemingly asks Pike to admit that it never provided CT DEEP with information regarding the potential impacts of climate change factors, regardless of whether the information submitted would be relevant to what CLF refers to as "climate change factors," even if not referred to using that term. Based on the foregoing objections, Pike does not have sufficient information to admit or deny the Request.

*REVISED REQUEST NO. 27: Admit that information Defendant submitted to CT DEEP, in its SWPPPs or via another medium or manner, regarding the Terminal did not include information relating to the potential impacts of climate change factors, such as flooding, sea level rise, increased frequency and severity of storms, increased precipitation, severe weather, and storm surge, on the Terminal.*

*FURTHER REVISED REQUEST NO. 27: Admit that information Defendant submitted to CT DEEP regarding the Terminal did not include information relating to the impacts of climate change factors on the Terminal.*

*RESPONSE TO FURTHER REVISED REQUEST NO. 27: Plaintiff's further revised Request No. 27 does not resolve the issues with the original. As written, this Request is not clear if Plaintiff is asking if Defendant ever considered any information related to topics like storm surge or precipitation or flooding, if it is asking that Defendant included the term "climate change" in the SWPPP or if it is asking something else. Defendant still objects to this re-written Request, but is happy to meet and confer further on this Request.*

*SECOND FURTHER REVISED REQUEST NO. 27: Admit that Defendant's submittals to CT DEEP did not include consideration of the impacts of climate change factors on the Terminal.*

*RESPONSE TO SECOND FURTHER REVISED REQUEST NO. 27: Plaintiff's second further revised Request No. 27 does not resolve the issues with the original or previously revised Request, as it is still irrelevant and uses a confusing definition of the terms "climate change factors" and "submittals." Plaintiff's second further revised Request No. 27 is simply a restatement of the prior, defective request. Defendant stands on its prior objections, as augmented and refined herein.*

<u>**REQUEST NO. 28**</u>

Admit that Defendant was aware of the potential impacts of climate change factors, including

flooding, sea level rise, increased frequency and severity of storms, increased precipitation, severe

weather, and storm surge, on the Terminal when it submitted information to CT DEEP.

**RESPONSE: Pike objects to this Request on the ground it calls for a legal conclusion and thus outside the scope of permissible requests for admission. <u>Shea v. Sieunarine</u>, No. 3:21-CV-00673 (JCH), 2022 WL 2305554, at \*2 (D. Conn. June 27, 2022) (Farrish, M.J.). Pike further objects to this Request as compound. Pike further objects to this Request as vague and ambiguous because the terms "aware," "information," "submitted," "climate change factors," "sea level rise," and "storm surge" are subject to various interpretations and CLF failed to define the terms. Pike further objects, because, as worded, the Request implies that Pike had a duty to "submit[] to CT DEEP" "information relating to the potential impacts of climate change factors," which duty did not exist. CLF asks Pike to admit the existence of this duty without citing the source of the alleged duty, which is improper and does not provide Pike the relevant context needed to evaluate the Request. The Request is confusing because, as worded, the Request seemingly asks Pike to admit that it never provided CT DEEP with information regarding the potential impacts of climate change factors, regardless of whether the information submitted would be relevant to what CLF refers to as "climate change factors," even if not referred to using that term. Similarly, it is unclear what is being asked about Pike's awareness. For example, is this Request asking if someone has ever thought about "potential climate change factors," or thought about it in the context of submissions to CT DEEP, or some other context? Pike further objects to the Request as vague and ambiguous because, as drafted, CLF has not identified with specificity what it means by the use of the phrase "when it submitted information to CT DEEP." Is CLF asking about a state of awareness at any time when Defendant submitted any information whatsoever to CT DEEP? Based on the foregoing objections, Pike does not have sufficient information to admit or deny the Request.**

*REVISED REQUEST NO. 28: Admit that Defendant was aware of the potential impacts of climate change factors, such as flooding, sea level rise, increased frequency and severity of storms, increased precipitation, severe weather, and storm surge, on the Terminal when it submitted information regarding the Terminal to CT DEEP in its SWPPPs or via another medium or manner.*

*FURTHER REVISED REQUEST NO. 28: Admit that Defendant was aware of the potential for the impacts of climate change factors on the Terminal when it submitted information regarding the Terminal to CT DEEP, such as in the SWPPPs or via another medium or manner.*

*RESPONSE TO FURTHER REVISED REQUEST NO. 28: Plaintiff's further revised Request No. 29 does not resolve the issues with the original. "Aware[ness] of the potential for the impacts of climate fact factors" can mean information on these various topics, even if the term "climate change" is not used. As written, this Request is not clear if Plaintiff is asking if Defendant ever knew of any information related to topics like storm surge or precipitation or flooding, if it is asking that Defendant included the term "climate change" in the SWPPP or if it is asking*

*something else. Defendant stands on its objections, but is happy to confer further on this particular request.*

*SECOND FURTHER REVISED REQUEST NO. 28: Admit that Defendant was aware of potential impacts of climate change factors on the Terminal when Defendant made submittals to CT DEEP.*

*RESPONSE TO SECOND FURTHER REVISED REQUEST NO. 28: Plaintiff's second further revised Request No. 28 does not resolve the issues with the original or previously revised Request, as it is still irrelevant and uses a confusing definition of the terms "climate change factors" and "submittals." Plaintiff's second further revised Request No. 28 is simply a restatement of the prior, defective request. Defendant stands on its prior objections, as augmented and refined herein.*

## REQUEST NO. 54

Admit that Defendant has been aware of and knows about reports by organizations, governmental

bodies, and oil and gas entities regarding the impacts of climate change, including financial risks.

**RESPONSE: Pike objects to this request as irrelevant to CLF's claims. Pike's potential awareness or knowledge of "reports by organizations, governmental bodies, and oil and gas entities regarding the impacts of climate change, including financial risks" has no bearing on CLF's Clean Water Act claims, which are premised on Pike's alleged failure to comply with the General Permit. Pike further objects that this Request is vague and confusing, as it is generally asking Pike about its knowledge of unidentified reports from various third parties about the general topic of climate change. Based on the foregoing objections, Pike does not have sufficient information to admit or deny the Request.**

*REVISED REQUEST NO. 54: Admit that Defendant has been aware of and knows about any publications by any organizations, governmental bodies, or oil and gas entities concerning the impacts of climate change to coastal communities or coastal infrastructure.*

*FURTHER REVISED REQUEST NO. 54: Admit that Defendant has been aware of and knows about any publications by any organizations, governmental bodies, or oil and gas entities concerning the impacts of climate change factors on coastal communities or coastal infrastructure.*

*RESPONSE TO FURTHER REVISED REQUEST NO. 54: Plaintiff's further revised Request No. 54 does not resolve the issues with the original and revised Request, as it is still compound and is also so broad as to be unanswerable. It is unduly burdensome to ask Defendant to determine if someone at its company was aware, over a decade, of one publication from any organization, any governmental body or any oil and gas company regarding whether the broad category of climate change factors had any impact on coastal communities or coastal infrastructure. In essence, this request asks Defendant to admit whether any organization, any governmental body or any oil and gas company said that climate change might effect a coastal community or coastal infrastructure anywhere in the world. Plaintiff's further revised Request*

*No. 54 is simply a restatement of the prior, defective request. Defendant stands on its prior objections. Should Plaintiff offer an actual revision, Defendant will consider it.*

*SECOND FURTHER REVISED REQUEST NO. 54(a): Admit that Defendant is aware of industry and/or governmental publications discussing the impacts of climate change factors on coastal communities.*

*RESPONSE TO SECOND FURTHER REVISED REQUEST NO. 54(a): Plaintiff's second further revised Request No. 54(a) does not resolve the issues with the original or previously revised Request, as it is still irrelevant, compound and overly broad. Further, Second Further Revised Request No. 54(a) is also an improper attempt to serve an additional RFA. Defendant stands on its prior objections, as augmented and refined herein.*

*SECOND FURTHER REVISED REQUEST NO. 54(b): Admit that Defendant is aware of industry and/or governmental publications discussing the impacts of climate change factors on coastal infrastructure.*

*RESPONSE TO SECOND FURTHER REVISED REQUEST NO. 54(b): Plaintiff's second further revised Request No. 54(b) does not resolve the issues with the original or previously revised Request, as it is still irrelevant, compound and overly broad. Further, Second Further Revised Request No. 54(b) is also an improper attempt to serve an additional RFA. Defendant stands on its prior objections, as augmented and refined herein.*

## REQUEST NO. 56

Admit that Defendant has known about steps that oil and gas entities have taken to adapt and prepare

their infrastructure to withstand the impacts of climate change.

**RESPONSE: Pike objects to this request as irrelevant to CLF's claims. Pike's potential knowledge of "steps that oil and gas entities have taken to adapt and prepare their infrastructure to withstand the impacts of climate change" has no bearing on CLF's Clean Water Act claims, which are premised on Pike's alleged failure to comply with the General Permit. Pike further objects that this Request is vague, confusing, and so general that is impossible to answer. As written, it asks Pike to identify whether it knows if unidentified third parties have engaged in undefined conduct related to their infrastructure due to third-parties' general concerns about climate change. Pike is not privy to the reasoning or thinking of unidentified and unspecified third parties. Based on the foregoing objections, Pike does not have sufficient information to admit or deny the Request.**

*FURTHER REVISED REQUEST NO. 56: Admit that Defendant has known about steps taken by oil and gas entities that own and/or operate, or have owned and/or operated, coastal bulk fuel storage facilities to adapt and prepare their infrastructure to withstand the impacts of climate change.*

*RESPONSE TO FURTHER REVISED REQUEST NO. 56: Plaintiff's further revised Request No. 54 does not resolve the issues with the original and revised Request, as it is still compound*

*and still is so broad as to be meaningless. Plaintiff's further revised Request No. 54 is simply a restatement of the prior, defective request. It is asking, in essence, whether Defendant knows if any oil or gas company anywhere in the world has ever made any changes to a bulk fuel storage facility to "withstand the impacts" of climate change. Thus, this question is asking about information about oil platforms in the North Sea, the Southern Coastal United States and everywhere between. Defendant stands on its prior objections. Should Plaintiff offer an actual revision, Defendant will consider it.*

*SECOND FURTHER REVISED REQUEST NO. 56(a): Admit that Defendant could take steps to modify the Terminal to withstand the impacts of climate change.*

*RESPONSE TO SECOND FURTHER REVISED REQUEST NO. 56(a): Plaintiff's second further revised Request No. 56(a) does not resolve the issues with the original or previously revised Request, as it is still overly broad. As worded, it seemingly asks Pike to admit that it is possible to "take steps to modify the Terminal to withstand the impacts of climate change," which calls for speculation and is not relevant to CLF's Clean Water Act claim. Further, whether something could possibly be done is not a standard for judging compliance with the General Permit. Further, Second Further Revised Request No. 56(a) is also an improper attempt to serve an additional RFA. Defendant stands on its prior objections, as augmented and refined herein.*

*SECOND FURTHER REVISED REQUEST NO. 56(b): Admit that Defendant knows that other coastal fuel storage facilities have been modified to withstand the impacts of climate change.*

*RESPONSE TO SECOND FURTHER REVISED REQUEST NO. 56(b): Plaintiff's second further revised Request No. 56(b) does not resolve the issues with the original or previously revised Request, as it is still irrelevant and overly broad. Pike's potential knowledge "that other coastal fuel storage facilities have been modified to withstand the impacts of climate change" has no bearing on CLF's Clean Water Act claims. This request, as written, also seeks information about Pike's current knowledge about whether other coastal fuel storage facilities have been modified. Pike has not owned the Terminal since April 2024. Its current knowledge is not relevant. Further, Second Further Revised Request No. 56(b) is also an improper attempt to serve an additional RFA. Defendant stands on its prior objections, as augmented and refined herein.*

Dated: September 26, 2025

/s/ John M. Doroghazi
John M. Doroghazi (ct28033)
Wiggin and Dana LLP
One Century Tower
265 Church Street
New Haven, CT 06510
T: 203.498.4421
F: 203.782.2889

jdoroghazi@wiggin.com

*Attorneys for Defendant*
*Pike Fuels Limited Partnership*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 26, 2025, a copy of the foregoing was sent by e-mail upon the below counsel of record as follows:

Allan Kanner
Kanner and Whiteley, L.L.C.
701 Camp St.
New Orleans, LA 70130
a.kanner@kanner-law.com

Chance Raymond
Chance the Lawyer, LLC
650 Poydras St., Suite 1400
PMB 2574
New Orleans, LA 70130
chancethelawyer@gmail.com

Kenneth J. Rumelt
Christopher Kilian
Conservation Law Foundation
15 E. State St., Suite 4
Montpelier, VT 05602
krumelt@clf.org
ckilian@clf.org

James Crowley
Conservation Law Foundation
235 Promenade St., Suite 560
Providence, RI 02908
jcrowley@clf.org

Ameya Gehi
Conservation Law Foundation
62 Summer St.
Boston, MA 02131
agehi@clf.org

Ana McMonigle
Conservation Law Foundation
195 Church St., Suite B
New Haven, CT 06510
amcmonigle@clf.org

/s/ *John M. Doroghazi*
John M. Doroghazi