**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC. : | |
| : | Case No.: 3:21-cv-00932-SVN |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| PIKE FUELS LIMITED PARTNERSHIP, : | |
| : | |
| Defendant. : | October 6, 2025 |

**DECLARATION OF JOHN M. DOROGHAZI**
**IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL**

1.  I am a Partner with the law firm of Wiggin and Dana LLP, counsel for Defendant Pike Fuels Limited Partnership ("Pike"), in the above-captioned case. I am over the age of eighteen years, understand the meaning and significance of an oath, and am admitted to practice before this Court.

2.  I submit this declaration pursuant to Local Rule 37(a) and 28 U.S.C. § 1746 in connection with Pike's Motion to Compel Expert Materials and Additional Expert Testimony filed herewith.

3.  Plaintiff Conservation Law Foundation, Inc. ("CLF") disclosed Wendi Goldsmith, Robert Narin, Mathew Barlow and James O'Donnell (the "CLF Experts") as experts in this case. It is my understanding based on conversations with CLF's counsel and Shell's counsel and these experts' deposition testimony that each of the CLF Experts also prepared expert reports and were deposed in *CLF v. Shell Oil Co.*, No. 3:21-cv-00933-VDO (D. Conn.).

4.  The CLF Experts produced reports and were deposed in *Shell* before they were deposed in this case.

5.  Attached as **Exhibit A** is Pike's Second Set of Document Requests to CLF, served

on August 27, 2025.

6. CLF never formally responded to the discovery requests contained in Exhibit A, but it is my understanding that CLF's objections to the subpoena are meant to serve as their responses to these discovery requests, too. Thus, for purposes of this Motion and otherwise, Pike assumes that the objections set forth in the subpoenas apply with equal force to the discovery requests.

7. Attached as **Exhibit B** are copies of Pike's Deposition Notice and Subpoena to the CLF Experts.

8. On September 4, 2025, CLF asked Pike to withdraw the subpoenas served on the CLF Experts and to proceed only with the document requests. Pike refused to withdraw the subpoenas.

9. Attached as **Exhibit C** are CLF's initial objections to Pike's subpoenas directed to Wendi Goldsmith, Mathew Barlow and James O'Donnell, served on September 5, 2025.

10. Attached as **Exhibit D** is a copy of the emails exchanged between CLF and Pike, spanning August 22, 2025, through September 15, 2025, on these topics.

11. Attached as **Exhibit E** are CLF's revised objections to Pike's subpoena directed Wendi Goldsmith, served on September 15, 2025; CLF's objections to Pike's subpoena directed to Robert Nairn, served on September 15, 2025; CLF's revised objections to Pike's subpoena directed to James O'Donnell, served on September 19, 2025; and CLF's revised objections to Pike's subpoena directed to Mathew Barlow, served on September 22, 2025.

12. Attached as **Exhibit F** is a September 11, 2025, email from CLF to Pike, serving a revised expert report of Robert Nairn, which included more than 200 additional documents listed in his materials considered section.

2

13. Attached as **Exhibit G** is a composite exhibit of excerpts from the deposition transcripts of the CLF Experts. At each deposition, CLF refused to allow investigation into the opinions of their experts in the Shell Litigation.

14. On September 26, 2025, Pike and CLF met and conferred regarding the dispute. I was present for Pike, as well as Josh Taylor, Chloe Booth, and Zach Lee. Chance Raymond and Ameya Gehi appeared for CLF.

15. During the meet and confer, CLF continued to refuse to produce any portion of the CLF Experts' reports or transcripts in *Shell*.

16. CLF repeatedly re-iterated that it wanted to table this issue until after Magistrate Judge Farrish made a ruling in *Shell* on the confidentiality of the expert reports.

17. At the meet and confer, Mr. Raymond represented that CLF would be willing to allow for another deposition of the CLF Experts and would not oppose producing the "full reports, with all exhibits and documents on which they rely" after the *Shell* court makes a determination on the confidentiality of the expert reports, testimony, and accompanying materials in that case.

18. In response, I explained that waiting for resolution on the confidentiality matter in *Shell* would prejudice Pike in this case and that there was no reason to wait when the documents could simply be produced with confidentiality protections.

19. Attached as **Exhibit H** is a September 26, 2025 email from Pike to CLF and counsel for Shell requesting a meet and confer for September 29, 2025, to discuss the ongoing confidentiality concerns of the CLF Experts' reports and testimony in the *Shell* case.

20. On October 1, 2025, I spoke with Doug Henderson and Jim Craven, counsel for defendants in *Shell*, to discuss the production of the expert reports and deposition transcripts of the CLF Experts from the *Shell* case.

21. On October 3, 2025, I spoke with Jim Craven who represented that the *Shell* defendants have no objection to the production of the expert deposition transcripts and expert reports of the CLF Experts from *Shell* to Pike for use in this case so long as: (1) The reports and transcripts from the Shell Litigation are designated as confidential under the protective order in the Pike case; and (2) There is an agreement by all of the parties involved (*i.e.*, Pike, CLF, and Shell) that the production of the reports and transcripts to Pike for use in the Pike matter is not considered any kind of waiver of Shell's confidentiality arguments in the Shell litigation and CLF will not argue that the production of the reports and transcripts in the Pike litigation is a grounds/reason to oppose Shell's assertion of confidentiality.

22. Pike agrees to both of these stipulations, as they are reasonable, do not impact either CLF or the *Shell* defendants' positions in case, and allow Pike to receive highly relevant documents.

23. On October 3, 2025, I relayed the *Shell* defendants' position to CLF and asked for a response by the end of the day. I further informed CLF that if CLF would not agree to the stipulations, refused to produce copies of the materials by October 8 and refused to allow Pike a second deposition of each of the CLF Experts, Pike would file this Motion the morning of October 6.

24. The undersigned subsequently spoke with Shell's counsel further after sending this email, who wanted to make clear that their position was on behalf of the specifically named defendants in what Pike has referred to as the "Shell" litigation and further to clarify that the production of the materials to Pike must be understood to not have any effect whatsoever on defendants' ability to assert confidentiality over materials in the Shell Litigation. Pike is fine with these clarifications.

25. CLF refused to agree to Pike's proposal. CLF reiterated that it would not produce the CLF Experts' reports and deposition transcripts from *Shell* until Magistrate Judge Farrish ruled on the confidentiality order in *Shell*. CLF also changed its prior position and specifically declined to agree to a second deposition of the CLF Experts in this case. It also contended that this "side agreement" would constitute a waiver of confidentiality for the *Shell* defendants and is a violation of the standing protective order in *Shell*.

26. On page 13 of her expert report, Wendi Goldsmith states, "However, peer reviewed publications exist, and one that is recent, relevant, comprehensive, and ***already known within Shell*** is a global petrochemical industry 2018 technical report (Necci, et al., 2018) which summarized its key findings as follows…." (emphasis added). Further, on page 31, she references recommendations from "Shell scientists."

27. Pike has made numerous good-faith attempts to resolve CLF's refusal to produce any portion of the CLF Experts' reports or prior testimony in *Shell*, as well as CLF's related refusal to allow the same experts disclosed in this case to testify at depositions in this case regarding *anything at all* related to *Shell*.

28. Counsel have exchanged numerous emails about CLF's refusal to provide relevant expert information, *i.e.*, any portion of the highly relevant reports or prior testimony of the experts disclosed in both *Shell* and here, and CLF's refusal at depositions to let those experts answer questions about *Shell*.

29. CLF and undersigned counsel met and conferred about these issues on September 26, 2025, and they were not able to reach any agreement or resolve the issue short of Court intervention.

I declare under penalty of perjury that the foregoing is true and correct.

5

Executed on October 6, 2025.

_____
John Doroghazi