# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> PIKE FUELS LIMITED PARTNERSHIP, <br><br> Defendant. | No. 3:21-cv-00932-SVN |

**PIKE FUELS LIMITED PARTNERSHIP'S SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Pike Fuels Limited Partnership ("Pike") serves the following Second Set of Requests for Production of Documents ("Requests") to Plaintiff Conservation Law Foundation, Inc. ("CLF"). Produce all documents responsive to the Requests below within thirty days of service of these Requests at the offices of Wiggin and Dana LLP, 265 Church Street, New Haven, CT 06510, unless another location and/or manner of production is mutually agreed upon between CLF and Pike.

## INSTRUCTIONS

1. Each Request that follows is to be considered continuing, and responses shall be supplemented as required pursuant to the Federal Rules of Civil Procedure. Accordingly, CLF is requested to provide Pike further and supplemental documents as CLF or any other person or entity acting on its behalf, may obtain, which will augment or otherwise supplement CLF's answers and responses between the time of the initial responses and the time of trial.

2. Each Request should be responded to separately. However, a document which is responsive to more than one Request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

3. All documents produced shall be Bates stamped, segregated, labeled, and identified by the paragraphs to which they are primarily responsive. Where required by a particular paragraph of these Requests, documents produced shall be further segregated and identified in this paragraph.

4. If CLF objects to part of any Request, please furnish documents responsive to the remainder of the Request. The documents produced in response to these Requests shall include all attachments and enclosures.

5. All documents produced in response to these Requests shall be produced in total notwithstanding the fact that portions thereof may contain information not requested.

6. In responding to these Requests, CLF shall produce all requested documents in its possession, custody or control, and shall include all such documents in the possession, custody or control of any of corporate affiliates of CLF, CLF's attorneys or investigators or of any third party or parties to whom CLF has surrendered possession, custody or control, or who are acting on its behalf, or who have otherwise obtained possession, custody or control. If CLF cannot produce any document after exercising due diligence to secure such document, it is to so state, identify who has control and the location of the document, describe the documents it is attempting to secure and the efforts being made to secure same, and respond to the remainder of this request.

7. Each Request herein for a document to be produced contemplates production of the document in its entirety, without abbreviation or expurgation.

8. For all documents that are not produced in response to any of the requests because such documents were lost or destroyed, or because CLF asserts a claim of privilege, such documents shall be identified by giving, to the extent known: (i) the types of documents; (ii) the general subject matter of the documents; (iii) the dates of the documents; (iv) the author and recipients of the documents; (v) if applicable, the circumstances surrounding the loss or destruction of the documents; (vi) the last or present custodian of the documents, and (vii) the nature of the privilege asserted.

## DEFINITIONS

1. "And" and "or" both mean "and/or."

2. "Document" or "Documents" includes all documents that are within the scope of the Federal Rules of Civil Procedure, including all written, recorded, electronic, graphic, or photographic matter, however produced or reproduced, or maintained, whether sent or received or neither, and includes, without limiting the generality of the foregoing: all computer records, electronically stored information, results of all computations and analyses (including intermediate and draft work products), photographs, lists, data, drawings, mail, charts, graphs, correspondence, electronic mail, text messages, compilations, letters, notes, memoranda, ledgers, calendars, appointment books, journals, minutes, books, drafts, telephone slips, expense accounts, time sheets, telegrams, cables, microfilm, prints, articles, publications, recordings, transcriptions, affidavits, bills, receipts, checks, invoices, reports, studies, analyses, sample analyses, sample submission forms, laboratory sheets, evaluations, video tapes, DVDs, compact discs, motion pictures, audio tapes, books, pamphlets, contracts, manifests, logs, and social media publications, posts, or communications, including Tweets, LinkedIn messages or posts, Facebook

messages or posts, Instagram messages or posts, TikTok messages, videos, or posts, videos or comments posted to YouTube or any other online video sharing service, blog comments or posts and all associated metadata related to the electronic data described herein. A draft or non-identical copy is a separate document within the meaning of this term.

3. "Experts" means James O'Donnell, Mathew Barlow, Robert Roseen, Robert Nairn, and Wendi Goldsmith.

4. "Expert Reports" means the expert reports disclosed by James O'Donnell, Mathew Barlow, Robert Roseen, and Robert Nairn on August 4, 2025 and the expert report disclosed by Wendi Goldsmith on August 12, 2025 in this Litigation.

5. "Exxon" means Exxonmobil Corporation, ExxonMobile Oil Corporation, and Exxonmobil Pipeline Company.

6. "Including" means including but not limited to.

7. "Litigation" refers to this Case, *Conservation Law Foundation, Inc. v. Pike Fuels Limited Partnership*, Case No. 3:21-cv-00932-SVN, in the U.S. District Court for the District of Connecticut.

8. "Relating to" means relating to, concerning, comprising, alluding to, connected with, commenting on, with respect to, about, resulting from, embodying, explaining, supporting, showing, analyzing, setting forth, in respect of, referring to, describing, evidencing, constituting, containing, identifying, stating, dealing with, reflecting, bearing upon, addressing, respecting, regarding, discussing, mentioning, responding to, pertaining to, to do with, or being in any way relevant to the given subject.

9. "Shell" means Shell Oil Company, Equilon Enterprises LLC d/b/a Shell Oil Products US, Shell Petroleum, Inc., Shell Trading (US) Company, Royal Dutch Sell plc.

10. "Terminal" means the bulk fuel oil storage terminal located at 500 Waterfront Street, New Haven, Connecticut.

## REQUESTS

**REQUEST NO. 1:** Documents sufficient to identify the total amount of compensation paid to each Expert to date in this Litigation.

**REQUEST NO. 2**: Documents sufficient to identify the total amount of compensation paid to each Expert in connection with any litigation brought against Shell or Exxon relating to their compliance with clean water act permitting requirements in Massachusetts, Rhode Island, or Connecticut for their bulk oil terminals.

**REQUEST NO. 3:** All Documents referenced in the Expert Reports that have not been previously produced.

**REQUEST NO. 4:** Complete copies of all materials relating to any Expert's modeling or predictive analysis contained in the Expert Reports, including full results of the modeling, the Expert's underlying calculations, and complete information about the inputs that were used in the modeling.

**REQUEST NO. 5:** Notes taken by Experts at any Terminal visit, including copies of all pictures and videos taken by Experts.

**REQUEST NO. 6:** Expert reports disclosed by Experts in the matters *Conservation Law Foundation v. Shell Oil Company et al.*, Case No. 21-cv-00933 (D. Conn.) and *Conservation Law Foundation v. Shell Oil Products US et al.*, Case No. 17-cv-00396 (D. R.I.).

**REQUEST NO. 7:** Deposition transcripts of Experts' testimony in the matters *Conservation Law Foundation v. Shell Oil Company et al.*, Case No. 21-cv-00933 (D. Conn.) and *Conservation Law Foundation v. Shell Oil Products US et al.*, Case No. 17-cv-00396 (D. R.I.).

Dated: August 27, 2025

*/s/ John M. Doroghazi*
John M. Doroghazi (ct28033)
Wiggin and Dana LLP
One Century Tower
265 Church Street
New Haven, CT 06510
T: 203.498.4421
F: 203.782.2889
jdoroghazi@wiggin.com
mmiller@wiggin.com

*Attorneys for Defendant*
*Pike Fuels Limited Partnership*

## **CERTIFICATE OF SERVICE**

   I hereby certify that, on August 27, 2025, a copy of the foregoing was sent by e-mail upon the below counsel of record as follows:

Allan Kanner
Kanner and Whiteley, L.L.C.
701 Camp Street
New Orleans, LA 70130
a.kanner@kanner-law.com

Chance Raymond
Chance the Lawyer, LLC
650 Poydras Street Suite 1400
PMB # 2574
New Orleans, LA 70130
chancethelawyer@gmail.com

Kenneth J. Rumelt
Christopher Kilian
Conservation Law Foundation
15 E. State St., Suite 4
Montpelier, VT 05602
krumelt@clf.org
ckilian@clf.org

James Crowley
Conservation Law Foundation
235 Promenade Street, Suite 560
Providence, RI 02908
jcrowley@clf.org

Ameya Gehi
Conservation Law Foundation
62 Summer St.
Boston, MA 02131
agehi@clf.org

Ana McMonigle
Conservation Law Foundation
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
amcmonigle@clf.org

                 /s/*John M. Doroghazi*


John M. Doroghazi

31686\1\4935-7540-1058.v1