# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., | |
| *Plaintiff*, | Civil Action No. 3:21-cv-00932-SVN |
| v. | |
| PIKE FUELS LIMITED PARTNERSHIP, | September 15, 2025 |
| *Defendant*. | |

**PLAINTIFF CONSERVATION LAW FOUNDATION'S AND ROBERT NAIRN'S**
**OBJECTIONS AND RESPONSES TO DEFENDANT'S**
**NOTICE OF DEPOSITION AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Plaintiff Conservation Law Foundation ("CLF" or "Plaintiff") and Dr. Robert Nairn hereby serve their written objections and responses to the Notice of Deposition and Subpoena Duces Tecum sent to undersigned counsel by Defendant Pike Fuels Limited Partnership's ("Pike" or "Defendant") on September 2, 2025. The subpoena commands production of five broad categories of documents in connection with the deposition, which is scheduled for September 16, 2025, at the law office of McMillan LLP, Brookfield Place, 181 Bay Street, Suite 4400, Toronto, Ontario M5J 2T3. As set forth below, the requests are objectionable on multiple grounds, including improper use of a Rule 45 subpoena on a party's testifying expert witness, exceeding the scope of expert discovery under Rule 26, lack of relevance, overbreadth, disproportionality, undue burden, and confidentiality or privilege. To the extent that CLF and Dr. Nairn do not object to a request and have responsive materials, they will produce responsive documents prior to the start of the deposition.

1

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

As an initial matter, CLF and Dr. Nairn object to the following requests as exceeding the bounds of Rule 26 and Rule 45. "Use of a Rule 45 subpoena to a party's expert is inappropriate as expert disclosures, reports, depositions and discovery are fully encompassed in Rule 26." *Ice Cube Bldg., LLC v. Scottsdale Ins. Co.*, No. 3:17-cv-00973 (KAD), 2019 WL 7370367, at *1 (D. Conn. Apr. 8, 2019); *see Pope v. City of N.Y.*, 2012 WL 555997, at *1 (S.D.N.Y. Feb. 10, 2012) (citing *Res. Invs., Inc. v. United States*, 93 Fed. Cl. 373, 383 (Fed. Cl. 2010) (citing cases) ("An expert witness—retained by a party through private, voluntary agreement—is ordinarily not the proper object of a subpoena.")). There is no need for a Rule 45 subpoena to compel expert witnesses to produce what parties are obligated to provide under Rule 26, and such subpoenas can only serve to unduly burden experts and increase the cost of litigation.

Moreover, the scope of discovery under Rule 26 is limited by design, and parties may not use Rule 45 to exceed Rule 26's parameters. "[A]bsent some threshold showing of need, the broad discovery provisions of . . . Rule 45 cannot be used to undermine the specific expert witness discovery rules in Rule 26(a)(2) and (b)(4)." *Morriss v. BNSF Ry. Co.*, No. 8:13CV24, 2014 WL 128393, at *6 (D. Neb. Jan. 13, 2014). Specifically, "Rule 26(b)(4) and, concurrently, Rule 30, traditionally have been seen as limitations on the methods by which information may be discovered from experts retained by a party." *Marsh v. Jackson*, 141 F.R.D. 431, 433 (W.D. Va. 1992). "None of the methods of discovery allowed under Rules 26(b)(4) and 30 permit the use of bare Rule 45 subpoenas duces tecum." *Id*. "Instead, they operate as a control, or brake if you will, on the potential runaway use of the subpoena duces tecum to compel the production of the evidence of experts retained by a party to testify at trial." *Id.* A Rule 45 subpoena of a party's retained expert witness thus may never exceed the scope of discovery permissible under Rule 26.

1.  **Documents sufficient to identify the total amount of compensation paid to you to date.**

    **A chart showing hourly rate for each person, as well as total hours spent, is sufficient.**

**OBJECTION:** CLF and Dr. Nairn object to this request on grounds that it is ambiguous and unduly burdensome. Pursuant to Rule 26(a)(2)(B)(vi), Dr. Nairn's report includes "a statement of the compensation to be paid for the study and testimony in the case," including billing rates and terms of compensation. Pike now appears to seek more, but it is not clear whether it simply seeks production of invoices or, more substantially, to compel each expert witness to create a chart detailing all the hours they spent drafting their reports. CLF and Dr. Nairn object to the additional burden of creating a chart for Pike, especially if that unnecessary burden is imposed on Dr. Nairn. CLF and Dr. Nairn further object to Request No. 1 to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege.

**RESPONSE:** Subject to their objections, CLF will produce Dr. Nairn's invoices.

2.  **A copy of all documents referenced in your expert report that have not been previously produced.**

**OBJECTION:** CLF and Dr. Nairn object to this request on the grounds that it is overbroad, duplicative, and imposes an undue burden, especially to the extent it seeks documents that are publicly available or already in Pike's possession. Dr. Nairn's report contains numerous references to sources that are publicly available or were previously produced by the Parties in discovery. Many of these referenced materials are equally accessible to Pike. Therefore, it is neither necessary nor proportional to force Dr. Nairn to retrieve and produce copies of such publications for Pike's convenience. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (requiring courts to limit discovery when the

information "can be obtained from some other source that is more convenient, less burdensome, or less expensive").

CLF and Dr. Nairn further object to Request No. 2 to the extent that it seeks information—such as draft reports and communications—protected by the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege. Insofar as the phrase "all documents referenced in your report" could be read to include such documents, this request impermissibly sweeps in material privileged under Rule 26(b)(4)(B) and (C).

**RESPONSE:** CLF has already been working with Dr. Nairn to gather and provide relevant documents that are not currently accessible to Pike without further burdening Dr. Nairn. If Pike identifies additional items referenced in Dr. Nairn's report that it believes have not been produced in this matter or that it is having difficulty accessing, CLF is willing to continue to meet and confer with Pike in an attempt to resolve the matter.

3. **If you conducted any modeling or predictive analysis in your report, a complete copy of all materials relating to that modeling, including full results of the modeling, your underlying calculations, and complete information about the inputs that were used in the modeling.**

**OBJECTION:** CLF and Dr. Nairn object to this request on the grounds that it is overbroad and disproportionate to the needs of the case. Pike demands *"all materials relating to that modeling,"* including every underlying calculation, the "full results" of the modeling, and "complete information" about inputs. On its face, this request could encompass an enormous volume of data and information, not all of which is relevant to the experts' opinions. For example, a "complete copy of all materials relating to modeling" could include books, articles, and other material not referenced or relied upon by Dr. Nairn in forming his opinions provided in his expert report but

nevertheless in his possession. CLF and Dr. Nairn further object to Request No. 3 to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege.

**RESPONSE:** As required by Rule 26(a)(2)(B)(ii), Dr. Nairn has included in his expert report "the facts or data" that he considered in forming his opinions. In addition to this information in Dr. Nairn's expert report, Dr. Nairn has provided and CLF has produced additional modeling-related information, including the relevant model runs.

4. **If you conducted a site visit or inspection of the Terminal at anytime, a complete copy of all notes you took at the inspection, including copies of all pictures and videos you took. If these have already been produced, identify the bates numbers of the production.**

**OBJECTION:** CLF and Dr. Nairn object to this request on the grounds that it is overbroad and disproportionate to the needs of the case. Rule 26(a)(2)(B)(ii) requires production of the facts and data considered by the expert in forming their opinions. This request as written could encompass materials that Dr. Nairn did not reference or rely on in forming his opinions provided in his expert report but otherwise may have in his possession. CLF and Dr. Nairn further object to Request No. 4 to the extent that it seeks information protected by Rule 26(b)(4)(B)–(C), including the expert's draft reports and disclosures in any form and attorney-expert communications, the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege.

**RESPONSE:** CLF has obtained the requested material from Dr. Nairn and has produced said material subject to objections stated herein before the deposition.

5. **If you offered an expert opinion in the matters *Conservation Law Foundation v. Shell Oil Company et al.*, Case No. 21-cv-00933 (D. Conn.) or *Conservation Law Foundation***

***v. Shell Oil Products US et al.*, Case No. 17-cv-00396 (D. R.I.), please produce a copy of your expert report in that matter, as well as a copy of the transcript of any deposition testimony you provided in those matters.**

**OBJECTION:** CLF and Dr. Nairn object to Request No. 5 on the grounds that it exceeds the requirements of Rule 26(a)(2)(B), seeks confidential or protected information, and is unduly burdensome. Rule 26(a)(2)(B)(v) requires that expert reports contain "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." "By implication, because the rule requires only the production of a *list* of the expert's cases, [Pike] is not entitled to disclosure of the reports in those cases regardless of their subject matter." (emphasis in original) *Surles v. Air France*, No. 00CIV5004RMBFM, 2001 WL 815522, at *7 (S.D.N.Y. July 19, 2001), *aff'd*, No. 00CIV5004, 2001 WL 1142231 (S.D.N.Y. Sept. 27, 2001). The request also impermissibly seeks confidential information because Dr. Nairn's expert report offered in *Conservation L. Found., Inc. v. Shell Oil Co.*, No. 21-cv-00933 (D. Conn.) ("Shell CT case") has been marked confidential pursuant to the Court's Standing Protective Order. Dr. Nairn's expert report in the Shell CT case references and discusses discovery materials produced and marked confidential by the parties to that case. If CLF or Dr. Nairn were to produce his report offered in the Shell CT case, they would be acting in violation of the Court's Standing Protective Order. Likewise, to the extent that any party to the Shell CT case chooses to mark Dr. Nairn's expert deposition transcript confidential in whole or in part or that the transcript contains testimony regarding information marked confidential by the *Shell Oil* defendants, the same issue arises. Finally, the request is unduly burdensome to the extent that Pike is requesting that CLF or Dr. Nairn engage in the lengthy process of seeking to remove the confidentiality designations from the

documents discussed in Dr. Nairn's expert report or deposition transcript, as provided in and required by the Court's Standing Protective Order.

**RESPONSE:** Dr. Nairn has not offered an expert opinion in *Conservation L. Found., Inc. v. Shell Oil Products US*, No. 17-cv-00396 (D.R.I.). In reliance on the objections raised herein, and in a good faith effort to comply with the Standing Protective Order, CLF and Dr. Nairn will not produce his expert report or deposition testimony offered in the Shell CT case. Pike may request copies of those materials from the defendants in the Shell CT case. Should the defendants agree to produce copies of those materials, CLF asks that Pike provide copies of said materials to CLF.

Dated: September 15, 2025

Respectfully submitted,

CONSERVATION LAW FOUNDATION, INC., by its attorneys

_____
Robert Nairn, Ph.D

*/s/ Ana McMonigle*
_____
Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

Ameya Gehi (ct31327)
Conservation Law Foundation, Inc.
62 Summer Street
Boston, MA 02110
Tel: (617) 850-1795
E-mail: agehi@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 622-3020
Tel: (802) 223-5992

E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Tel: (832) 671-6381
E-mail: chancethelawyer@gmail.com

*Admitted as Visiting Attorney*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., | |
| *Plaintiff*, | Civil Action No. 3:21-cv-00932-SVN |
| v. | |
| GULF OIL LIMITED PARTNERSHIP, | September 15, 2025 |
| *Defendant*. | |

**PLAINTIFF CONSERVATION LAW FOUNDATION'S AND WENDI GOLDSMITH'S REVISED OBJECTIONS AND RESPONSES TO DEFENDANT'S NOTICE OF DEPOSITION AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Plaintiff Conservation Law Foundation ("CLF" or "Plaintiff") and Dr. Wendi Goldsmith hereby serve their written objections and responses to the Notice of Deposition and Subpoena Duces Tecum sent to undersigned counsel by Defendant Pike Fuels Limited Partnership's ("Pike" or "Defendant") on August 22, 2025. The subpoena commands production of five broad categories of documents in connection with the deposition, which is scheduled for September 16, 2025, at 265 Church Street in New Haven, Connecticut. As set forth below, the requests are objectionable on multiple grounds, including improper use of a Rule 45 subpoena on a party's testifying expert witness, exceeding the scope of expert discovery under Rule 26, lack of relevance, overbreadth, disproportionality, undue burden, and confidentiality or privilege. To the extent that CLF and Dr. Goldsmith do not object to a request and have responsive materials, they will produce responsive documents prior to the start of the deposition.

1

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

As an initial matter, CLF and Dr. Goldsmith object to the following requests as exceeding the bounds of Rule 26 and Rule 45. "Use of a Rule 45 subpoena to a party's expert is inappropriate as expert disclosures, reports, depositions and discovery are fully encompassed in Rule 26." *Ice Cube Bldg., LLC v. Scottsdale Ins. Co.*, No. 3:17-cv-00973 (KAD), 2019 WL 7370367, at *1 (D. Conn. Apr. 8, 2019); *see Pope v. City of N.Y.*, 2012 WL 555997, at *1 (S.D.N.Y. Feb. 10, 2012) (citing *Res. Invs., Inc. v. United States*, 93 Fed. Cl. 373, 383 (Fed. Cl. 2010) (citing cases) ("An expert witness—retained by a party through private, voluntary agreement—is ordinarily not the proper object of a subpoena.")). There is no need for a Rule 45 subpoena to compel expert witnesses to produce what parties are obligated to provide under Rule 26, and such subpoenas can only serve to unduly burden experts and increase the cost of litigation.

Moreover, the scope of discovery under Rule 26 is limited by design, and parties may not use Rule 45 to exceed Rule 26's parameters. "[A]bsent some threshold showing of need, the broad discovery provisions of . . . Rule 45 cannot be used to undermine the specific expert witness discovery rules in Rule 26(a)(2) and (b)(4)." *Morriss v. BNSF Ry. Co.*, No. 8:13CV24, 2014 WL 128393, at *6 (D. Neb. Jan. 13, 2014). Specifically, "Rule 26(b)(4) and, concurrently, Rule 30, traditionally have been seen as limitations on the methods by which information may be discovered from experts retained by a party." *Marsh v. Jackson*, 141 F.R.D. 431, 433 (W.D. Va. 1992). "None of the methods of discovery allowed under Rules 26(b)(4) and 30 permit the use of bare Rule 45 subpoenas duces tecum." *Id*. "Instead, they operate as a control, or brake if you will, on the potential runaway use of the subpoena duces tecum to compel the production of the evidence of experts retained by a party to testify at trial." *Id.* A Rule 45 subpoena of a party's retained expert witness thus may never exceed the scope of discovery permissible under Rule 26.

2

1. **Documents sufficient to identify the total amount of compensation paid to you to date. A chart showing hourly rate for each person, as well as total hours spent, is sufficient.**

**OBJECTION:** CLF and Dr. Goldsmith object to this request on grounds that it is ambiguous and unduly burdensome. Pursuant to Rule 26(a)(2)(B)(vi), Dr. Goldsmith's report includes "a statement of the compensation to be paid for the study and testimony in the case," including billing rates and terms of compensation. Pike now appears to seek more, but it is not clear whether it simply seeks production of invoices or, more substantially, to compel each expert witness to create a chart detailing all the hours they spent drafting their reports. CLF and Dr. Goldsmith object to the additional burden of creating a chart for Pike, especially if that unnecessary burden is imposed on Dr. Goldsmith. CLF and Dr. Goldsmith further object to Request No. 1 to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege.

**RESPONSE:** Subject to their objections, CLF will produce Dr. Goldsmith's invoices.

2. **A copy of all documents referenced in your expert report that have not been previously produced.**

**OBJECTION:** CLF and Dr. Goldsmith object to this request on the grounds that it is overbroad, duplicative, and imposes an undue burden, especially to the extent it seeks documents that are publicly available or already in Pike's possession. Dr. Goldsmith's report contains numerous references to sources that are publicly available or were previously produced by the Parties in discovery. Many of these referenced materials are equally accessible to Pike. Therefore, it is neither necessary nor proportional to force Dr. Goldsmith to retrieve and produce copies of such publications for Pike's convenience. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (requiring courts to limit

discovery when the information "can be obtained from some other source that is more convenient, less burdensome, or less expensive").

CLF and Dr. Goldsmith further object to Request No. 2 to the extent that it seeks information—such as draft reports and communications—protected by the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege. Insofar as the phrase "all documents referenced in your report" could be read to include such documents, this request impermissibly sweeps in material privileged under Rule 26(b)(4)(B) and (C).

**RESPONSE:** CLF has already been working with Dr. Goldsmith to gather and provide relevant documents that are not currently accessible to Pike without further burdening Dr. Goldsmith. If Pike identifies additional items referenced in Dr. Goldsmith's report that it believes have not been produced in this matter or that it is having difficulty accessing, CLF is willing to continue to meet and confer with Pike in an attempt to resolve the matter.

3. **If you conducted any modeling or predictive analysis in your report, a complete copy of all materials relating to that modeling, including full results of the modeling, your underlying calculations, and complete information about the inputs that were used in the modeling.**

**OBJECTION:** CLF and Dr. Goldsmith object to this request on the grounds that it is overbroad and disproportionate to the needs of the case. Pike demands *"all materials relating to that modeling,"* including every underlying calculation, the "full results" of the modeling, and "complete information" about inputs. On its face, this request could encompass an enormous volume of data and information, not all of which is relevant to the experts' opinions. For example, a "complete copy of all materials relating to modeling" could include books, articles, and other material not referenced or relied upon by Dr. Goldsmith in forming her opinions provided in her

4

expert report but nevertheless in her possession. CLF and Dr. Goldsmith further object to Request No. 3 to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege.

**RESPONSE:** As required by Rule 26(a)(2)(B)(ii), Dr. Goldsmith has included in her expert report "the facts or data" that she considered in forming her opinions. Although Dr. Goldsmith referenced in her report results contained in CLF's other expert reports, Dr. Goldsmith did not conduct any modeling or predictive analysis in forming her opinions.

4. **If you conducted a site visit or inspection of the Terminal at anytime, a complete copy of all notes you took at the inspection, including copies of all pictures and videos you took. If these have already been produced, identify the bates numbers of the production.**

**OBJECTION:** CLF and Dr. Goldsmith object to this request on the grounds that it is overbroad and disproportionate to the needs of the case. Rule 26(a)(2)(B)(ii) requires production of the facts and data considered by the expert in forming their opinions. This request as written could encompass materials that Dr. Goldsmith did not reference or rely on in forming her opinions provided in her expert report but otherwise may have in her possession. CLF and Dr. Goldsmith further object to Request No. 4 to the extent that it seeks information protected by Rule 26(b)(4)(B)–(C), including the expert's draft reports and disclosures in any form and attorney-expert communications, the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege.

**RESPONSE:** CLF previously produced the requested material, which consists of the following photographs from Dr. Goldsmith's informal tour of the vicinity of the Terminal by land and water: PGCT024247 through PGCT024272.

**5. If you offered an expert opinion in the matters *Conservation Law Foundation v. Shell Oil Company et al.*, Case No. 21-cv-00933 (D. Conn.) or *Conservation Law Foundation v. Shell Oil Products US et al.*, Case No. 17-cv-00396 (D. R.I.), please produce a copy of your expert report in that matter, as well as a copy of the transcript of any deposition testimony you provided in those matters.**

**OBJECTION:** CLF and Dr. Goldsmith object to Request No. 5 on the grounds that it exceeds the requirements of Rule 26(a)(2)(B), seeks confidential or protected information, and is unduly burdensome. Rule 26(a)(2)(B)(v) requires that expert reports contain "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." "By implication, because the rule requires only the production of a *list* of the expert's cases, [Pike] is not entitled to disclosure of the reports in those cases regardless of their subject matter." (emphasis in original) *Surles v. Air France*, No. 00CIV5004RMBFM, 2001 WL 815522, at *7 (S.D.N.Y. July 19, 2001), *aff'd*, No. 00CIV5004, 2001 WL 1142231 (S.D.N.Y. Sept. 27, 2001). The request also impermissibly seeks confidential information because Dr. Goldsmith's expert report offered in *Conservation L. Found., Inc. v. Shell Oil Co.*, No. 21-cv-00933 (D. Conn.) ("Shell CT case") has been marked confidential pursuant to the Court's Standing Protective Order. Dr. Goldsmith's expert report in the Shell CT case references and discusses discovery materials produced and marked confidential by the parties to that case. If CLF or Dr. Goldsmith were to produce her report offered in the Shell CT case, they would be acting in violation of the Court's Standing Protective Order. Likewise, to the extent that any party to the Shell CT case chooses to mark Dr. Goldsmith's expert deposition transcript confidential in whole or in part or that the transcript contains testimony regarding information marked confidential by the *Shell Oil* defendants, the same issue arises. Finally, the request is unduly burdensome to the extent that Pike is requesting that CLF engage in the

lengthy process of seeking to remove the confidentiality designations from the documents discussed in Dr. Goldsmith's expert report or deposition transcript, as provided in and required by the Court's Standing Protective Order.

**RESPONSE:** Dr. Goldsmith has not offered an expert opinion in *Conservation L. Found., Inc. v. Shell Oil Products US*, No. 17-cv-00396 (D.R.I.). In reliance on the objections raised herein, and in a good faith effort to comply with the Standing Protective Order, CLF and Dr. Goldsmith will not produce her expert report or deposition testimony offered in the Shell CT case. Pike may request copies of those materials from the defendants in the Shell CT case. Should the defendants agree to produce copies of those materials, CLF asks that Pike provide copies of said materials to CLF.

Dated: September 15, 2025

Respectfully submitted,

CONSERVATION LAW FOUNDATION, INC., by its attorneys

*Wendi Goldsmith*
_____
Wendi Goldsmith, Ph.D.

*/s/ Ana McMonigle*
_____
Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

Ameya Gehi (ct31327)
Conservation Law Foundation, Inc.
62 Summer Street
Boston, MA 02110
Tel: (617) 850-1795
E-mail: agehi@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4

Montpelier, VT 05602
Tel: (802) 622-3020
Tel: (802) 223-5992
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Tel: (832) 671-6381
E-mail: chancethelawyer@gmail.com

*Admitted as Visiting Attorney*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

CONSERVATION LAW FOUNDATION, INC.,

*Plaintiff*,

v.

PIKE FUELS LIMITED PARTNERSHIP,

*Defendant*.

Civil Action No. 3:21-cv-00932-SVN

September 15, 2025

## PLAINTIFF CONSERVATION LAW FOUNDATION'S AND JAMES O'DONNELL'S OBJECTIONS AND RESPONSES TO DEFENDANT'S NOTICE OF DEPOSITION AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Plaintiff Conservation Law Foundation ("CLF" or "Plaintiff") and Dr. James O'Donnell hereby serve their written objections and responses to the Notice of Deposition and Subpoena Duces Tecum sent to undersigned counsel by Defendant Pike Fuels Limited Partnership's ("Pike" or "Defendant") on August 22, 2025. The subpoena commands production of five broad categories of documents in connection with the deposition, which is scheduled for September 19, 2025, at 265 Church Street in New Haven, Connecticut. As set forth below, the requests are objectionable on multiple grounds, including improper use of a Rule 45 subpoena on a party's testifying expert witness, exceeding the scope of expert discovery under Rule 26, lack of relevance, overbreadth, disproportionality, undue burden, and confidentiality or privilege. To the extent that CLF and Dr. O'Donnell do not object to a request and have responsive materials, they will produce responsive documents prior to the start of the deposition.

1

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

As an initial matter, CLF and Dr. O'Donnell object to the following requests as exceeding the bounds of Rule 26 and Rule 45. "Use of a Rule 45 subpoena to a party's expert is inappropriate as expert disclosures, reports, depositions and discovery are fully encompassed in Rule 26." *Ice Cube Bldg., LLC v. Scottsdale Ins. Co.*, No. 3:17-cv-00973 (KAD), 2019 WL 7370367, at *1 (D. Conn. Apr. 8, 2019); *see Pope v. City of N.Y.*, 2012 WL 555997, at *1 (S.D.N.Y. Feb. 10, 2012) (citing *Res. Invs., Inc. v. United States*, 93 Fed. Cl. 373, 383 (Fed. Cl. 2010) (citing cases) ("An expert witness—retained by a party through private, voluntary agreement—is ordinarily not the proper object of a subpoena.")). There is no need for a Rule 45 subpoena to compel expert witnesses to produce what parties are obligated to provide under Rule 26, and such subpoenas can only serve to unduly burden experts and increase the cost of litigation.

Moreover, the scope of discovery under Rule 26 is limited by design, and parties may not use Rule 45 to exceed Rule 26's parameters. "[A]bsent some threshold showing of need, the broad discovery provisions of . . . Rule 45 cannot be used to undermine the specific expert witness discovery rules in Rule 26(a)(2) and (b)(4)." *Morriss v. BNSF Ry. Co.*, No. 8:13CV24, 2014 WL 128393, at *6 (D. Neb. Jan. 13, 2014). Specifically, "Rule 26(b)(4) and, concurrently, Rule 30, traditionally have been seen as limitations on the methods by which information may be discovered from experts retained by a party." *Marsh v. Jackson*, 141 F.R.D. 431, 433 (W.D. Va. 1992). "None of the methods of discovery allowed under Rules 26(b)(4) and 30 permit the use of bare Rule 45 subpoenas duces tecum." *Id*. "Instead, they operate as a control, or brake if you will, on the potential runaway use of the subpoena duces tecum to compel the production of the evidence of experts retained by a party to testify at trial." *Id.* A Rule 45 subpoena of a party's retained expert witness thus may never exceed the scope of discovery permissible under Rule 26.

2

1. **Documents sufficient to identify the total amount of compensation paid to you to date. A chart showing hourly rate for each person, as well as total hours spent, is sufficient.**

**OBJECTION:** CLF and Dr. O'Donnell object to this request on grounds that it is ambiguous and unduly burdensome. Pursuant to Rule 26(a)(2)(B)(vi), Dr. O'Donnell's report includes "a statement of the compensation to be paid for the study and testimony in the case," including billing rates and terms of compensation. Pike now appears to seek more, but it is not clear whether it simply seeks production of invoices or, more substantially, to compel each expert witness to create a chart detailing all the hours they spent drafting their reports. CLF and Dr. O'Donnell object to the additional burden of creating a chart for Pike, especially if that unnecessary burden is imposed on Dr. O'Donnell. CLF and Dr. O'Donnell further object to Request No. 1 to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege.

**RESPONSE:** Subject to their objections, CLF will produce Dr. O'Donnell's invoices.

2. **A copy of all documents referenced in your expert report that have not been previously produced.**

**OBJECTION:** CLF and Dr. O'Donnell object to this request on the grounds that it is overbroad, duplicative, and imposes an undue burden, especially to the extent it seeks documents that are publicly available or already in Pike's possession. Dr. O'Donnell's report contains numerous references to sources that are publicly available or were previously produced by the Parties in discovery. Many of these referenced materials are equally accessible to Pike. Therefore, it is neither necessary nor proportional to force Dr. O'Donnell to retrieve and produce copies of such publications for Pike's convenience. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (requiring courts to limit

discovery when the information "can be obtained from some other source that is more convenient, less burdensome, or less expensive").

CLF and Dr. O'Donnell further object to Request No. 2 to the extent that it seeks information—such as draft reports and communications—protected by the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege. Insofar as the phrase "all documents referenced in your report" could be read to include such documents, this request impermissibly sweeps in material privileged under Rule 26(b)(4)(B) and (C).

**RESPONSE:** CLF has already been working with Dr. O'Donnell to gather and provide relevant documents that are not currently accessible to Pike without further burdening Dr. O'Donnell. If Pike identifies additional items referenced in Dr. O'Donnell's report that it believes have not been produced in this matter or that it is having difficulty accessing, CLF is willing to continue to meet and confer with Pike in an attempt to resolve the matter.

3. **If you conducted any modeling or predictive analysis in your report, a complete copy of all materials relating to that modeling, including full results of the modeling, your underlying calculations, and complete information about the inputs that were used in the modeling.**

**RESPONSE:** As required by Rule 26(a)(2)(B)(ii), Dr. O'Donnell has included in his expert report "the facts or data" that he considered in forming his opinions. Dr. O'Donnell did not conduct any modeling or predictive analysis in his report.

4. **If you conducted a site visit or inspection of the Terminal at anytime, a complete copy of all notes you took at the inspection, including copies of all pictures and videos you took. If these have already been produced, identify the bates numbers of the production.**

**RESPONSE:** Dr. O'Donnell did not conduct a site visit or inspection of the Terminal and, thus, has no responsive materials in his possession, custody, or control.

5. **If you offered an expert opinion in the matters *Conservation Law Foundation v. Shell Oil Company et al.*, Case No. 21-cv-00933 (D. Conn.) or *Conservation Law Foundation v. Shell Oil Products US et al.*, Case No. 17-cv-00396 (D. R.I.), please produce a copy of your expert report in that matter, as well as a copy of the transcript of any deposition testimony you provided in those matters.**

**OBJECTION:** CLF and Dr. O'Donnell object to Request No. 5 on the grounds that it exceeds the requirements of Rule 26(a)(2)(B), seeks irrelevant and confidential or protected information, and is unduly burdensome. Rule 26(a)(2)(B)(v) requires that expert reports contain "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." "By implication, because the rule requires only the production of a *list* of the expert's cases, [Pike] is not entitled to disclosure of the reports in those cases regardless of their subject matter." (emphasis in original) *Surles v. Air France*, No. 00CIV5004RMBFM, 2001 WL 815522, at *7 (S.D.N.Y. July 19, 2001), *aff'd*, No. 00CIV5004, 2001 WL 1142231 (S.D.N.Y. Sept. 27, 2001). The request also impermissibly seeks confidential information because Dr. O'Donnell's expert report offered in *Conservation L. Found., Inc. v. Shell Oil Co.*, No. 21-cv-00933 (D. Conn.) ("Shell CT case") has been marked confidential pursuant to the Court's Standing Protective Order. Dr. O'Donnell's expert report in the Shell CT case references and discusses discovery materials produced and marked confidential by the parties to that case. If CLF or Dr. O'Donnell were to produce his report offered in the Shell CT case, they would be acting in violation of the Court's Standing Protective Order. Likewise, to the extent that any party to the Shell CT case chooses to mark Dr. O'Donnell's expert deposition transcript confidential in whole or in part or that the

transcript contains testimony regarding information marked confidential by the *Shell Oil* defendants, the same issue arises. Finally, the request is unduly burdensome to the extent that Pike is requesting that CLF or Dr. O'Donnell engage in the lengthy process of seeking to remove the confidentiality designations from the documents discussed in Dr. O'Donnell's expert report or deposition transcript, as provided in and required by the Court's Standing Protective Order.

**RESPONSE:** Dr. O'Donnell has not offered an expert opinion in *Conservation L. Found., Inc. v. Shell Oil Products US*, No. 17-cv-00396 (D.R.I.). In reliance on the objections raised herein, and in a good faith effort to comply with the Standing Protective Order, CLF and Dr. O'Donnell will not produce his expert report or deposition testimony offered in the Shell CT case. Pike may request copies of those materials from the defendants in the Shell CT case. Should the defendants agree to produce copies of those materials, CLF asks that Pike provide copies of said materials to CLF.

Dated: September 15, 2025

Respectfully submitted,

CONSERVATION LAW FOUNDATION, INC., by its attorneys

_____
James O'Donnell, Ph.D.

*/s/ Ana McMonigle*_____
Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

Ameya Gehi (ct31327)
Conservation Law Foundation, Inc.
62 Summer Street
Boston, MA 02110
Tel: (617) 850-1795
E-mail: agehi@clf.org

Christopher M. Kilian (ct31122)

6

Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 622-3020
Tel: (802) 223-5992
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Tel: (832) 671-6381
E-mail: chancethelawyer@gmail.com

*Admitted as Visiting Attorney

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., | |
| *Plaintiff*, | Civil Action No. 3:21-cv-00932-SVN |
| v. | |
| PIKE FUELS LIMITED PARTNERSHIP, | September 15, 2025 |
| *Defendant*. | |

## PLAINTIFF CONSERVATION LAW FOUNDATION'S AND MATHEW BARLOW'S OBJECTIONS AND RESPONSES TO DEFENDANT'S NOTICE OF <u>DEPOSITION OF AND REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Plaintiff Conservation Law Foundation ("CLF" or "Plaintiff") and Dr. Mathew Barlow hereby serve their written objections and responses to the Notice of Deposition and Subpoena Duces Tecum sent to undersigned counsel by Defendant Pike Fuels Limited Partnership's ("Pike" or "Defendant") on August 22, 2025. The subpoena commands production of five broad categories of documents in connection with the deposition, which is scheduled for September 24, 2025, at 265 Church Street in New Haven, Connecticut. As set forth below, the requests are objectionable on multiple grounds, including improper use of a Rule 45 subpoena on a party's testifying expert witness, exceeding the scope of expert discovery under Rule 26, lack of relevance, overbreadth, disproportionality, undue burden, and confidentiality or privilege. To the extent that CLF and Dr. Barlow do not object to a request and have responsive materials, they will produce responsive documents prior to the start of the deposition.

1

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

As an initial matter, CLF and Dr. Barlow object to the following requests as exceeding the bounds of Rule 26 and Rule 45. "Use of a Rule 45 subpoena to a party's expert is inappropriate as expert disclosures, reports, depositions and discovery are fully encompassed in Rule 26." *Ice Cube Bldg., LLC v. Scottsdale Ins. Co.*, No. 3:17-cv-00973 (KAD), 2019 WL 7370367, at *1 (D. Conn. Apr. 8, 2019); *see Pope v. City of N.Y.*, 2012 WL 555997, at *1 (S.D.N.Y. Feb. 10, 2012) (citing *Res. Invs., Inc. v. United States*, 93 Fed. Cl. 373, 383 (Fed. Cl. 2010) (citing cases) ("An expert witness—retained by a party through private, voluntary agreement—is ordinarily not the proper object of a subpoena.")). There is no need for a Rule 45 subpoena to compel expert witnesses to produce what parties are obligated to provide under Rule 26, and such subpoenas can only serve to unduly burden experts and increase the cost of litigation.

Moreover, the scope of discovery under Rule 26 is limited by design, and parties may not use Rule 45 to exceed Rule 26's parameters. "[A]bsent some threshold showing of need, the broad discovery provisions of . . . Rule 45 cannot be used to undermine the specific expert witness discovery rules in Rule 26(a)(2) and (b)(4)." *Morriss v. BNSF Ry. Co.*, No. 8:13CV24, 2014 WL 128393, at *6 (D. Neb. Jan. 13, 2014). Specifically, "Rule 26(b)(4) and, concurrently, Rule 30, traditionally have been seen as limitations on the methods by which information may be discovered from experts retained by a party." *Marsh v. Jackson*, 141 F.R.D. 431, 433 (W.D. Va. 1992). "None of the methods of discovery allowed under Rules 26(b)(4) and 30 permit the use of bare Rule 45 subpoenas duces tecum." *Id*. "Instead, they operate as a control, or brake if you will, on the potential runaway use of the subpoena duces tecum to compel the production of the evidence of experts retained by a party to testify at trial." *Id.* A Rule 45 subpoena of a party's retained expert witness thus may never exceed the scope of discovery permissible under Rule 26.

1. **Documents sufficient to identify the total amount of compensation paid to you to date. A chart showing hourly rate for each person, as well as total hours spent, is sufficient.**

**OBJECTION:** CLF and Dr. Barlow object to this request on grounds that it is ambiguous and unduly burdensome. Pursuant to Rule 26(a)(2)(B)(vi), Dr. Barlow's report includes "a statement of the compensation to be paid for the study and testimony in the case," including billing rates and terms of compensation. Pike now appears to seek more, but it is not clear whether it simply seeks production of invoices or, more substantially, to compel each expert witness to create a chart detailing all the hours they spent drafting their reports. CLF and Dr. Barlow object to the additional burden of creating a chart for Pike, especially if that unnecessary burden is imposed on Dr. Barlow. CLF and Dr. Barlow further object to Request No. 1 to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege.

**RESPONSE:** Subject to their objections, CLF will produce Dr. Barlow's invoices.

2. **A copy of all documents referenced in your expert report that have not been previously produced.**

**OBJECTION:** CLF and Dr. Barlow object to this request on the grounds that it is overbroad, duplicative, and imposes an undue burden, especially to the extent it seeks documents that are publicly available or already in Pike's possession. Dr. Barlow's report contains numerous references to sources that are publicly available or were previously produced by the Parties in discovery. Many of these referenced materials are equally accessible to Pike. Therefore, it is neither necessary nor proportional to force Dr. Barlow to retrieve and produce copies of such publications for Pike's convenience. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (requiring courts to limit

discovery when the information "can be obtained from some other source that is more convenient, less burdensome, or less expensive").

CLF and Dr. Barlow further object to Request No. 2 to the extent that it seeks information—such as draft reports and communications—protected by the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege. Insofar as the phrase "all documents referenced in your report" could be read to include such documents, this request impermissibly sweeps in material privileged under Rule 26(b)(4)(B) and (C).

**RESPONSE:** CLF has already been working with Dr. Barlow to gather and provide relevant documents that are not currently accessible to Pike without further burdening Dr. Barlow. If Pike identifies additional items referenced in Dr. Barlow's report that it believes have not been produced in this matter or that it is having difficulty accessing, CLF is willing to continue to meet and confer with Pike in an attempt to resolve the matter.

3. **If you conducted any modeling or predictive analysis in your report, a complete copy of all materials relating to that modeling, including full results of the modeling, your underlying calculations, and complete information about the inputs that were used in the modeling.**

**RESPONSE:** As required by Rule 26(a)(2)(B)(ii), Dr. Barlow has included in his expert report "the facts or data" that he considered in forming his opinions. Dr. Barlow did not conduct any modeling or predictive analysis in his report.

4. **If you conducted a site visit or inspection of the Terminal at anytime, a complete copy of all notes you took at the inspection, including copies of all pictures and videos you took. If these have already been produced, identify the bates numbers of the production.**

4

**RESPONSE:** Dr. Barlow did not conduct a site visit or inspection of the Terminal and, thus, has no responsive materials in his possession, custody, or control.

5. **If you offered an expert opinion in the matters *Conservation Law Foundation v. Shell Oil Company et al.*, Case No. 21-cv-00933 (D. Conn.) or *Conservation Law Foundation v. Shell Oil Products US et al.*, Case No. 17-cv-00396 (D. R.I.), please produce a copy of your expert report in that matter, as well as a copy of the transcript of any deposition testimony you provided in those matters.**

**OBJECTION:** CLF and Dr. Barlow object to Request No. 5 on the grounds that it exceeds the requirements of Rule 26(a)(2)(B), seeks irrelevant and confidential or protected information, and is unduly burdensome. Rule 26(a)(2)(B)(v) requires that expert reports contain "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." "By implication, because the rule requires only the production of a *list* of the expert's cases, [Pike] is not entitled to disclosure of the reports in those cases regardless of their subject matter." (emphasis in original) *Surles v. Air France*, No. 00CIV5004RMBFM, 2001 WL 815522, at *7 (S.D.N.Y. July 19, 2001), *aff'd*, No. 00CIV5004, 2001 WL 1142231 (S.D.N.Y. Sept. 27, 2001). The request also impermissibly seeks confidential information because Dr. Barlow's expert report offered in *Conservation L. Found., Inc. v. Shell Oil Co.*, No. 21-cv-00933 (D. Conn.) ("Shell CT case") has been marked confidential pursuant to the Court's Standing Protective Order. Dr. Barlow's expert report in the Shell CT case references and discusses discovery materials produced and marked confidential by the parties to that case. If CLF or Dr. Barlow were to produce his report offered in the Shell CT case, they would be acting in violation of the Court's Standing Protective Order. Likewise, to the extent that any party to the Shell CT case chooses to mark Dr. Barlow's expert deposition transcript confidential in whole or in part or that the transcript contains

testimony regarding information marked confidential by the *Shell Oil* defendants, the same issue arises. Finally, the request is unduly burdensome to the extent that Pike is requesting that CLF or Dr. Barlow engage in the lengthy process of seeking to remove the confidentiality designations from the documents discussed in Dr. Barlow's expert report or deposition transcript, as provided in and required by the Court's Standing Protective Order.

**RESPONSE:** Dr. Barlow has not offered an expert opinion in *Conservation L. Found., Inc. v. Shell Oil Products US*, No. 17-cv-00396 (D.R.I.). In reliance on the objections raised herein, and in a good faith effort to comply with the Standing Protective Order, CLF and Dr. Barlow will not produce his expert report or deposition testimony offered in the Shell CT case. Pike may request copies of those materials from the defendants in the Shell CT case. Should the defendants agree to produce copies of those materials, CLF asks that Pike provide copies of said materials to CLF.

Dated: September 15, 2025

Respectfully submitted,

CONSERVATION LAW FOUNDATION, INC., by its attorneys

Mathew Barlow, Ph.D.

*/s/ Ana McMonigle*
Ana McMonigle (ct31370)
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
Tel: (203) 298-7692
E-mail: amcmonigle@clf.org

Ameya Gehi (ct31327)
Conservation Law Foundation, Inc.
62 Summer Street
Boston, MA 02110
Tel: (617) 850-1795
E-mail: agehi@clf.org

Christopher M. Kilian (ct31122)
Kenneth J. Rumelt (phv207130)*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
Tel: (802) 622-3020
Tel: (802) 223-5992
E-mail: ckilian@clf.org
E-mail: krumelt@clf.org

James Crowley (ct31319)
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
Tel: (401) 228-1905
Email: jcrowley@clf.org

Chance Raymond (ct31311)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400 PMB #2574
New Orleans, LA 70130
Tel: (832) 671-6381
E-mail: chancethelawyer@gmail.com

*Admitted as Visiting Attorney